[Civ. No. 19596.   Second Dist., Div. One.   May 4, 1953.]

BENEDICT H. SAMPSON, Respondent, v. BENJAMIN A. SAPOZNIK et al., Appellants.

Pacht, Tannenbaum & Ross and Maxwell E. Greenberg for Appellants.

Dryer, Burris & Lagerlof and H. Melvin Swift, Jr., for Respondent.

WHITE, P. J.—Judgment in favor of respondent in the above entitled action in the Superior Court of Los Angeles County was filed on June 26, 1952, and was entered on June 27, 1952.   Said judgment, after recitals of fact, reads as follows:

"Now, therefore, by reason of the findings of fact and conclusions of law aforesaid,

"It is ordered, adjudged and decreed that judgment be given for plaintiff and against defendants Benjamin A. Sapoznik, Theodore J. Ticktin, and Joseph Landfield in the sum of Nineteen Thousand Five Hundred Dollars ($19,500.00) with interest at the rate of Seven per cent (7%) per annum from October 6, 1950 in the sum of $2,354.63, and that plaintiff recover from said defendants his costs of suit in the sum of $191.85.

"It is further ordered, adjudged, and decreed that said defendants are entitled to the assets of Scarfanet Co., a California corporation which remain in the possession of the plaintiff, consisting of office equipment and the balance of merchandise inventory."

Notice of appeal was duly and timely filed by appellant Theodore J. Ticktin on September 3, 1952, and by appellant Benjamin A. Sapoznik on September 22, 1952.

On November 12, 1952, respondent filed a notice of motion to correct the aforesaid judgment *nunc pro tunc* by striking therefrom the last paragraph. This motion was accompanied by an affidavit of Attorney Joseph J. Burris, of counsel for respondent, to the effect that "three successive and separate sets of findings of fact and conclusions of law had been prepared and two successive judgments had been submitted pursuant to instructions of the court, the final set of findings of fact and conclusions of law having been prepared after a conference in chambers between the attorneys for all parties and the court." Said affidavit of Joseph J. Burris further stated that the court "had signed the set of findings of fact and conclusions of law prepared last in point of time, but had signed the judgment prepared first in point of time; that the judgment signed did not express the intention of the court."

On December 3, 1952, the court by minute order granted the motion to correct the judgment *nunc pro tunc* "on all the grounds stated in the motion." Appellants thereupon filed their notice of appeal from said minute order.

Appellants now make application to this court for an order consolidating the two aforesaid appeals.

As grounds for consolidation the appellants urge:

"1. Said consolidation will reduce the time required of this Honorable Court in giving proper consideration to the matters on appeal.

"2. Said consolidation will substantially reduce the costs on appeal, including costs of the Clerk's Transcript and costs of printing briefs.

"3. The subject matter of the appeals is related so as to make it entirely proper for the two appeals to be considered at one time."

It is well established that the granting or denying of a motion to consolidate appeals is entirely in the discretion of the reviewing tribunal. (*Silver* v. *Bank of America,* 43 Cal. App.2d 835, 838 [111 P.2d 666].)

Since in the consideration of a motion for consolidation it is a factual question as to whether the questions presented are so related as to make it advisable to consolidate and whether the consideration of the appeals will be expedited by the consolidation, every motion for consolidation must, of necessity, be disposed of on its own merits.

In the motion now engaging our attention we are persuaded that the appeal from the order correcting the judgment *nunc pro tunc* will manifestly turn on the question of whether the error was clerical or judicial, and hence whether the trial court had jurisdiction to correct the judgment after an appeal had been taken.

The original judgment awarded respondent a money judgment against appellants and also held that the latter were entitled to the assets of a corporation. This last-mentioned clause was stricken by the order amending the judgment. It might well be that appellants' brief on the appeal from the judgment would depend upon a determination by this court as to whether the order correcting the judgment was valid. We fail to see where the question as to whether the trial court exceeded its jurisdiction or abused its discretion has any relation to the issues to be raised in attack or defense of the judgment on appeal. We are impressed that it might be that the second appeal, taken from the order correcting the judgment, might well have to be determined before the appeal from the judgment could be properly briefed.

For the foregoing reasons, the motion to consolidate the aforesaid appeals is denied.

Doran, J., concurred.